IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DIANA GRIFFITH,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| **ALLSTATE TEXAS LLOYDS,** § | |
| § | |
| Defendant. § | |

## DEFENDANT ALLSTATE TEXAS LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle and Property Company, incorrectly named herein as Allstate Texas Lloyds (collectively, "Allstate" or "Defendant") in Cause No. 2016-83218 pending in the 164th Judicial District Court of Harris County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1     On or about December 2, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Diana Griffith v. Allstate Texas Lloyds,* Cause No. 2016-83218, pending in the 164th Judicial District Court of Harris County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Vehicle and Property Insurance Company.

1.2     Plaintiff served Defendant Allstate Texas Lloyds ("Allstate") with Plaintiff's Original Petition and process on December 27, 2016, by certified mail on its registered agent, CT Corporation System.

1.3     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Harris County District Clerk's file for this case is attached as Exhibit "B" which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.  Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Harris County in the State of Texas and thus, is a citizen of Texas.  *See* Plaintiff's Original Petition, ¶ 1. On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.  Allstate Texas Lloyd's is not a citizen of the State of Texas.

2.5     With respect to Defendant, Allstate Texas Lloyd's, Plaintiff has fraudulently joined, or fraudulently misjoined, Allstate Texas Lloyd's in this action.  The party that issued the Plaintiff's homeowners policy in this case, and who is the only proper Defendant, is Allstate Vehicle and Property Insurance Company.  *See* Exhibit "D."  Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear."  *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.6    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.7    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.

2.8    Plaintiff seeks 18% interest.  *See* Plaintiff's Original Petition, ¶ 21.

2.9    Plaintiff seeks attorney's fees.[3]  *See* Plaintiff's Original Petition, ¶¶ 23, 24.

2.10   Plaintiff seeks pre-judgment interest, post-judgment interest, court costs and interest amounts owned under the Texas Insurance Code's Prompt Payment of Claims provisions

---

[3] Regardless of the amount of actual damages sought, claims for attorney's fees through trial in a case of this nature can be significant. *See State Farm Lloyd's v. Hanson,* No. 14-15-0093-CV (Tex. App. Houston [14th Dist.] June 30, 2016).

and "any other relief that she shows she is entitle to receive."  *See* Plaintiff's Original Petition, §IX (the "Prayer").

2.11   Although one sentence in Plaintiff's Original Petition alleges that Plaintiff seeks monetary relief of $75,000.00 or less in damages (*See* Plaintiff's Original Petition, ¶ 14), this allegation conflicts with the other demands and allegations set forth above and does not eliminate damages over $75,000.00 from controversy in this case.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Allstate was served with Plaintiff's Original Petition and process on December 27, 2016.  This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4   Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5   Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County District Court, promptly after Defendant files this Notice.

**NOTICE OF REMOVAL - PAGE 5**
2636718v1
00364.999

## IV.
## CONCLUSION

4.1 Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyds hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Eric K. Bowers*
Eric K. Bowers
State Bar No. 24045538
Attorney-in-Charge
Southern District No. 658370
ebowers@thompsoncoe.com
Roger D. Higgins
State Bar No. 09601500, IL 6182756
Southern District No. 33282
Of Counsel
rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Fax:          (214) 871-8209

ATTORNEYS FOR DEFENDANT ALLSTATE VEHICLE AND PROPERTY COMPANY, incorrectly named herein as ALLSTATE TEXAS LLOYDS

## **CERTIFICATE OF SERVICE**

      This is to certify that on January 26, 2017, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

>Sean H. McCarthy
>Email: smccarthy@Williamskherkher.com
>WILLIAMS KHERKHER HART BOUNDAS, LLP
>8441 Gulf Freeway, Suite 600
>Houston, TX 77017
>Telephone: (713) 230-2200
>Facsimile: (713) 643-6226

>>*/s/ Eric K. Bowers*
>>Eric K. Bowers